791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALPHONSO PROVENS, a/k/a L. CARTER, Plaintiff-Appellant,
v.
ARTHUR M. NEY, JR., Defendant-Appellee.
 85-3615
 United States Court of Appeals, Sixth Circuit.
 4/2/86
 AFFIRMED
 S.D.Ohio
 ORDER
 
 1
 BEFORE: MARTIN and GUY, Circuit Judges; REED, District Judge.*
 
 
 2
 This matter is before the Court for consideration of this pro se appellant's motion for bail pending appeal of his prisoner civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant is incarcerated at the Southern Ohio Correctional Facility, apparently as a result of a murder conviction. The complaint is rather vague, but it appears that appellant is alleging that he received improper treatment by the Caucasian race in general and by defendant Ney in particular. The matter was referred to a magistrate who determined that the complaint should be dismissed as to the 42 U.S.C. Sec. 1983 claims since defendant Ney was immune from damages in such a suit. However, the magistrate recommended that to the extent that appellant sought release, the complaint should be construed as a petition for a writ of habeas corpus and that the complaint be dismissed without prejudice for failure to exhaust his state court remedies (28 U.S.C. Sec. 2254(c)). The district court adopted the magistrate's report and dismissed the case.
 
 
 4
 Defendant Ney is immune from damages claimed in a 42 U.S.C. Sec. 1983 suit. Imbler v. Pachtman, 424 U.S. 409 (1976). Insofar as appellant seeks release, the complaint may properly be construed as an application for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). However, appellant has failed to allege that he has exhausted his state court remedies and therefore the complaint is properly dismissed without prejudice pursuant to 28 U.S.C. Sec. 2254(c).
 
 
 5
 Appellant's motion for release pending appeal must fail because there is no authority for granting release pending appeal of a 42 U.S.C. Sec. 1983 action. Release pursuant to Rule 23, Federal Rules of Appellate Procedure, is inappropriate because there is no viable habeas action to which the motion for release could apply, and appellant is not eligible for release pursuant to 18 U.S.C. Sec. 3143 because he is not a federal prisoner.
 
 
 6
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for release pending appeal be denied and the final order of the district court be affirmed.
 
 
 
 *
 The Honorable Scott Reed, U.S. District Judge for the Eastern District of Kentucky, sitting by designation